UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

**Misty Moon Transport 2, Inc.**

Debtor

Chapter 11

Case No. 24-20218

## INTERIM ORDER GRANTING DEBTOR'S
## MOTION FOR AUTHORITY TO USE CASH COLLATERAL

Upon the Motion of Misty Moon Transport 2, Inc. (the "Debtor") for Authority to Use Cash Collateral (the "Motion") [Dkt. No. 7], and with the consent of Bangor Savings Bank ("BSB"), and in accordance with the Budget, and after good, adequate, sufficient, and complete notice to: (a) the Office of the United States Trustee; (b) BSB; (c) Allegiant Partners, Inc. ("AP"); (d) State of Maine, Bureau of Revenue Services; (e) Internal Revenue Service; (f) the creditors holding the 20 largest unsecured claims against the Debtor; and (g) those parties who have formally filed requests for notice in this case pursuant to Rule 2002, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1.   The Debtor is hereby authorized to use cash collateral in substantial conformity with and in accordance with the Budget attached to the Motion as Exhibit A and upon the terms set forth herein on an interim basis through and including the date of the Final Hearing.

2.   On or before Wednesday of each week, the Debtor shall provide BSB, the Office of the United States Trustee, and the Subchapter V Trustee (when appointed) with weekly reporting comparing the projections for the prior week set forth in the Budget with the Debtor's actual results.

3.   To adequately protect AP and BSB's interest in its collateral, including the Cash Collateral, BSB is hereby provided with the following adequate protection:

(a) pursuant to section 552(b) of the Bankruptcy Code, all post-petition cash collateral constitutes proceeds, products, offspring, or products of BSB's pre-petition cash collateral and thus BSB's liens on all post-petition cash collateral continues under section 552(b) of the Bankruptcy Code to the same extent, perfection, priority, and validity as their pre-petition liens in cash collateral of the Debtor, which shall be of the same validity, perfection, and priority as BSB's pre-petition liens and shall be automatically perfected without any additional perfection acts by BSB, and the Debtor hereby waives its right to assert the "equities of the case" exception under section 552(b);

(b) additionally, pursuant to sections 361(2) and 363(e), BSB is hereby granted replacement liens in all assets of the Debtor (other than avoidance actions) to the extent of any diminution of value of Cash Collateral occurring after the Petition Date, which shall be automatically perfected without any additional perfection acts by BSB;

(c) the Debtor shall ensure it deposit accounts have a minimum of $20,000 weekly ending cash balance;

(d) the Debtor shall pay BSB $2,000.00 per month, beginning November 15, 2024 and continuing on the 15th of each following month until otherwise ordered by this Court or agreed to by BSB and the Debtor;

(e) the Debtor shall file a chapter 11 plan within 90 days of the Petition Date and, provided that such plan proposes treatment of BSB's secured claim that pays the claim over 12 months, beginning November 15, 2024, at 11.25% interest, BSB has agreed to support such a plan; and

(f) the Debtor currently has debtor-in-possession accounts at BSB (the "DIP Accounts"). BSB is hereby granted a postpetition right of setoff in the DIP Accounts provided, however, that BSB shall not be entitled to exercise any right of setoff without first obtaining an order of the Court permitting the exercise of setoff.

4. **In addition, the Debtor has provided conspicuous notice in the Motion under LBR 4001-2(d)(2) that it intends to provide BSB with the following additional relief in the final order granting this Motion that is classified as "restricted" under the LBR, as follows: (a) the Debtor, on behalf of the estate, will acknowledge the validity, amount, perfection, priority, extent, and enforceability of BSB's secured claim; and (b) waive the estate's right**

**to seek to surcharge BSB's collateral under Bankruptcy Code section 506(c) in this chapter 11 case.**

5. Notwithstanding any provision of the Bankruptcy Code or the Bankruptcy Rules to the contrary, this Order shall take effect immediately and shall remain in effect until the Final Hearing (with such period being referred to as the "Interim Cash Collateral Period'"). The Debtor expressly reserves its rights to seek continued use of cash collateral after the expiration of the Interim Cash Collateral Period on the terms set forth herein or on modified terms after notice and a hearing and BSB's right to object to any further request by the Debtor are expressly preserved.

6. The Debtor shall serve notice of a final hearing relating to the relief requested in the Motion at the same time as a copy of this Order is served. A final hearing shall take place before this Court on December 3, 2024 at 9:00 a.m. in the United States Bankruptcy Court for the District of Maine located in Portland, Maine (the "Final Hearing"). Opposition, if any, to the relief requested in the Motion being granted on a final basis at the Final Hearing shall be filed with this Court and served upon counsel for the Debtor and on all parties appearing in this case and the Office of the United States Trustee, on or before November 22, 2024, at 4:00 p.m. To the extent the Debtor intends to file a revised version of the Budget to be considered at the Final Hearing, the Debtor must do so on or before November 19, 2024, at 4:00 p.m.

7. For the Interim Cash Collateral Period this Order shall be binding upon and inure to the benefit of any lender identified in the Motion and the Debtor and its respective successors and assigns, including, without any limitation, any trustee, responsible officer, examiner, estate administrator or representative, or similar person appointed in a case for the Debtor under any chapter of the Bankruptcy Code. No rights are entered under this Order for the benefit of any other creditor

of the Debtor, any other party in interest in the Debtor's bankruptcy case, or any other person or entities, or any direct, indirect or incidental beneficiaries thereof.

8. The terms and conditions of this Order shall: (i) be effective and immediately enforceable upon its entry by the Clerk of the Court notwithstanding any potential application of Bankruptcy Rule 6004(g), 7062, 9014 or otherwise; and (ii) not be stayed absent (a) an application by a party in interest for such stay in conformance with Bankruptcy Rule 8005, and (b) a hearing upon notice to all of the lenders identified in the Motion, the Office of the United States Trustee and counsel to the Debtor.

9. The Debtor is directed to serve a copy of this Order on the Office of the United States Trustee, the prepetition secured lenders, the holders of the twenty (20) largest unsecured claims against the Debtor, and any taxing authority with a claim against the Debtor by facsimile, e-mail or regular mail, within two (2) business days of the date of the entry of this Order.

10. BSB reserves any and all rights in any further cash collateral order to request or demand any other protections, language, or other circumstances related to the use of its cash collateral, including by not limited to actual to budget reporting and any other financial information.

Dated: _____          _____
                                Peter G. Cary
                                United States Bankruptcy Judge
                                District of Maine