**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| IN RE:<br><br>**MISTY MOON TRANSPORT 2 INC.**<br><br>**DEBTOR** | **CHAPTER 11**<br><br>**CASE NO. 24-20218** |
| **HUNTINGTON NATIONAL BANK**<br><br>*Movant*<br><br>v.<br><br>**MISTY MOON TRANSPORT 2 INC.**<br><br>*Respondent* | |

**ORDER APPROVING AGREEMENT FOR**

**ADEQUATE PROTECTION**

Movant The Huntington National Bank ("HNB") filed the Motion for order Approving Agreement for Adequate Protection [Dk. No. 69] (the "Motion"), supported by consent from Respondent Misty Moon Transport 2 Inc. (the "Debtor"). For good cause, the Motion is granted on the following terms:

1. Beginning in December 2024 and continuing each and every month through the Effective Date of the Debtor's Plan, the Debtor shall pay $245.00, $245.00, and $320.83, a total sum of $810.83 in good and sufficient funds to HNB on or before the fifteenth (15th) day of each month as adequate protection for the use of personal property of the Debtor identified as one (1)

2022 Ford T-350, VIN No. 1FDBF8PG9NKA66160, one (1) 2022 Ford Transit 3500, VIN No. 1FDBF8PG8NKA66103, and one (1) 2023 Ford Transit Cutaway AWD, VIN No. 1FDBF8PG3PKA03686, respectively (the "Collateral").

2. The Debtor shall maintain hazard and collision insurance on the Collateral for an amount sufficient to pay HNB's claim in full and such insurance policy shall name HNB as the loss payee.

3. The Debtor shall pay all post-petition arrearages of the Adequate Protection Payments in the initial distribution as set forth in the Plan.

4. In the event the Debtor fails to comply with the conditions for adequate protection set forth herein, HNB shall file with this Court and also provide written notice of default to Debtor, via email to Debtor's counsel, and the Debtor shall have ten (10) days from the date of such written notice to cure the default.

5. If the Debtor fails to cure the default within the allowed time or if the Debtor subsequently fails to comply with the conditions for adequate protection after having previously received and cured two (2) written notices of default from HNB, upon the filing of the third (3) notice of default, HNB shall file a certificate of non-compliance with the Court. The Court shall enter a separate order to modify the automatic stay to allow HNB to repossess and recover the Collateral or schedule a hearing for such relief. Upon the modification of the automatic stay, the Debtor shall turn over the Collateral to HNB.

WE CONSENT:

By:   /s/ *Jeffrey T. Piampiano*
      Jeffrey T. Piampiano, Esq.
      Attorneys for Movant
      The Huntington National Bank

      DRUMMOND WOODSUM
      84 Marginal Way, Ste. 600
      Portland, ME  04101
      (207) 772-1941
      jpiampiano@dwmlaw.com



      MOLLEUR LAW OFFICE


By:   /s/ *Tanya Sambatakos*
      Tanya Samabatakos, Esq.
      Attorney for the Debtor
      190 Main Street, 3rd Floor
      Saco, ME 04072
      Telephone: (207) 283-3777
      Email: tanya@molleurlaw.com




Date:                                            _____
                                                 Peter G. Cary
                                                 United States Bankruptcy Judge
                                                 District of Maine


WBD (US) 47839589v1