# Exhibit A

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re

MISTY MOON TRANSPORT 2 INC.,                Case No. 24-20218
                                            Chapter 11

    Debtor.
_____/

**CORRECTED[1]**
**DAIMLER TRUCK FINANCIAL SERVICES USA LLC'S OBJECTION TO PLAN OF REORGANIZATION FOR SMALL BUSINESS UNDER SUBCHAPTER V [DKT. 85]**

Daimler Truck Financial Services USA LLC ("DTFS"), by its undersigned counsel, for its Objection to Debtor's *Plan of Reorganization for Small Business Under Subchapter V* [Dkt. 85] (the "Objection"), states as follows:

1. DTFS financed Debtor's prepetition purchase of, and DTFS holds a perfected first priority purchase money security interest in, the following equipment (the "Equipment Collateral") under the four Note and Security Agreements (the "Loan Agreements"):

| Year | Make | Model | VIN |
|------|------|-------|-----|
| 2016 | Freightliner | CA113SLP | 3AKJGHDV5GSHC5134 |
| 2018 | Freightliner | PT126DC | 3AKJHLDR6JSKB3390 |
| 2018 | Freightliner | PT126DC | 3AKJHLDRXJSKB3389 |
| 2018 | Freightliner | PT126DC | 3AKJHLDR6JSKB3308 |
| 2020 | Freightliner | PE116SLP | 1FUJHPDV8LLKV3042 |

2. As of the Petition Date, Debtor owed MBFS $354,675.80292,810.38. The Loan Agreements collectively require monthly installment payments totaling $11,859.6110,048.04.

3. On January 24, 2025, Debtor filed its Plan of Reorganization for Small Business Under Subchapter V [Dkt. 85] (the "Plan").

4. DTFS objects to the Plan on the following grounds:

---

[1] – Corrected redline attached hereto as Exhibit A.

(a)  <u>The Plan does not comply with Section 1111(b)</u>.  Concurrent with this Objection, DTFS has exercised its election under Section 1111(b).  This means a lynchpin of Debtor's Plan treatment of DTFS' claims—stripping it down to the Debtor's estimate of the value of the Equipment Collateral—is not available to Debtor.  Having made its Section 1111(b) election, DTFS must receive payments totaling $<u>354,675.80</u><s>292,810.38</s> under the Plan. 11 U.S.C. § 1129(b)(2)(A)(i)(II).  The Plan, however, proposes to pay DTFS only $96,970.32, plus a possible unsecured dividend of approximately $8,000.00.  As a result, the Plan does not meet the requirements of § 1129(b)(2)(A)(i)(II) and is not fair and equitable.

(b)  <u>The Plan treatment of DTFS' claim is inadequate</u>.  The Plan's proposed treatment of DTFS' claims and rights are bare bones at best.  For example, the Plan does not require the debtor to insure the Equipment Collateral or maintain it, nor does the Plan include default remedies or other standard loan terms.  Debtor should be required to reaffirm and ratify the Loan Agreements in their entirety, subject only to changes in payment terms that meet Section 1111(b) and are approved in a confirmed plan.

(c)  <u>The Plan ignores or eliminates the cross-collateralization provisions in the Loan Agreements</u>. The Plan proposes to treat any deficiency claim owing DTFS after the sale of the equipment Debtor proposed to surrender as a general unsecured claim.  Similarly, the Plan bifurcates and treats the "unsecured portion" of each account as a separate, unsecured claim.  However, the obligations owing DTFS under each Loan Agreement are cross-collateralized. Any deficiency, then, that

2

remains after the disposition of surrendered equipment and each "unsecured" portion of each account is fully secured by each piece of Equipment Collateral. As a result, the Plan misclassifies DTFS' claim and the proposed treatment of DTFS' claims under the Plan is not fair or equitable.

(d)     Mr. Morgan Morang, Debtor's principal, guarantied Debtor's obligations to DTFS. The Plan provides that "as long as the Debtor is not in default on payments on the claim, as restructured herein, [DTFS] shall not seek payment from the guarantor." DTFS objects to any term of the Plan that purports to either stay litigation against a guarantor of Debtor's obligations to DTFS during the term of the Plan, or that is intended to enjoin a guaranty claim against, or release, any guarantor of the DTFS indebtedness, including Mr. Morang. *Harrington v. Purdue Pharma L.P.*, 144 S. Ct. 2017 (June 27, 2024).

Wherefore, for the reasons set forth above, DTFS respectfully requests that the Court deny confirmation of the Plan and grant DTFS such further relief as may be appropriate.

Dated: March 114, 2025

>   */s/ Bodie B. Colwell*
>   Bodie B. Colwell, Esq.
>   Counsel for Daimler Truck Financial
>   Services USA LLC

Preti Flaherty, LLP
One City Center
PO Box 9546
Portland, ME  04112-9546
(207) 791-3000
bcolwell@preti.com

**CERTIFICATE OF SERVICE**

    I, Bodie B. Colwell, hereby certify that I caused to be served true and correct copies of the within *Daimler Truck Financial Services USA LLC's Objection to Plan of Reorganization for Small Business Under Subchapter V [DKT. 85]*, on each of the parties set forth on the Service List below, via First Class U.S. mail, postage fully prepaid, unless otherwise indicated, on this date.

    All other parties listed on the Notice of Electronic Filing have been served electronically on this date.

    Dated at Portland, Maine, this 11 4th day of March, 2025

                          */s/ Bodie B. Colwell*
                          Bodie B. Colwell, Esq.
                          Counsel for Daimler Truck Financial
                          Services USA LLC

Preti Flaherty, LLP
One City Center
PO Box 9546
Portland, ME 04112-9546
(207) 791-3000
*bcolwell@preti.com*

**Service List**

N/A